# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRIST CENTER OF DIVINE PHILOSOPHY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-65-D |
| ELLEN VERONICA ELAM, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Plaintiff Christ Center of Divine Philosophy, Inc.'s Motion for Default Judgment [Doc. No. 10]. On October 7, 2016, default was entered against Defendant Ellen Veronica Elam, and Defendant has not responded to the motion. For the reasons stated below, the Court finds Plaintiff's motion should be granted.

## BACKGROUND

On January 28, 2016, Plaintiff filed the present action alleging it held, by assignment, valid copyrights in thirty-one separate publications created by Audle Allison, and Defendant willfully infringed such work by publishing and selling three books containing copyrighted material found in four of the works [Doc. No. 1]. Defendant was personally served with the Summons and Complaint on August

25, 2016 [Doc. No. 6].[1] To date, Defendant has neither answered nor otherwise responded to the Complaint. On October 7, 2016, the Court Clerk entered default against Defendant for failing to plead or otherwise defend the present action [Doc. No. 9]. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff, accordingly, moves for an entry of default judgment consisting of statutory damages totaling $120,000 and an injunction prohibiting Defendant from infringing upon Plaintiff's copyrighted works.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[2] Default judgments are generally disfavored in light of the policy that

---

[1] Plaintiff was granted an extension of time up to August 31, 2016 to effect service upon Defendant [Doc. No. 5].

[2] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

cases should be tried upon their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *Id*.

## DISCUSSION

When a defendant fails to answer or otherwise defend against an action, Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps: the entry of default and the entry of default judgment. *See* Fed. R. Civ. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n. 1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of the Court to enter default. Fed. R. Civ. P. 55(a). Only when the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (holding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). The procedural requirements for grant of default judgment by the Court is that the application be accompanied by an affidavit in compliance with LCvR 55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." To this end, it is undisputed Defendant has failed to answer or plead, default was entered by the

Clerk, and Plaintiff has satisfied the Court's procedural requirements. *See* Mot. for Default Judgment at Ex. 1 [Doc. No. 8-1].

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (unpublished, citation omitted). However, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law. Furthermore, a default judgment does not establish the amount of damages. Plaintiff must establish that the amount requested is reasonable under the circumstances.")

(internal citations omitted); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.") (citations omitted).

"If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 F. App'x at 925 (citation omitted); *H.B. Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

# I

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment. In order to establish a prima facie case of copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2)

copying of constituent elements of the work that are original. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016). The plaintiff bears the burden of proof as to both elements. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1171 (10th Cir. 2009). With respect to the first element, "[a] plaintiff's presentation of a certificate of registration from the U.S. Copyright Office usually constitutes prima facie evidence of a valid copyright and of the facts stated in the certificate." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005) (citing 17 U.S.C. § 410(c)).

Plaintiff identifies, and seeks damages for, three specific infringements of its copyrights. Mot. at 5. The Court accepts as true Plaintiff's allegations that it owns the legal copyright to each of the publications in question. Plaintiff has provided copyright registrations of the subject material accompanied by copies of Defendant's infringing works. *See id.* at Exs. 1-7. The Court, thus, concludes that Defendant is liable for these instances of copyright infringement. In making this determination, the Court also concludes that Defendant infringed these copyrights willfully. Defendant's default and her decision not to defend against these allegations are grounds for concluding that her actions were willful. *See, e.g., Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) ("[T]his Court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default.") (collecting cases); *Malletier v. Artex*

*Creative Int'l Corp.*, 687 F. Supp. 2d 347, 354 (S.D.N.Y. 2010) (inferring willfulness from defendants' default in trademark infringement action).

Accordingly, it is evident from the limited record before the Court that entry of default judgment against Defendant is appropriate. First, the evidence suggests that Plaintiff has suffered quantifiable harm, and that it will continue to do so absent the entry of default judgment. Plaintiff would also be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery absent the entry of a default judgment. There is nothing in the record to suggest that Defendant has a triable defense as to liability; specifically, there is no evidence of a legitimate contractual dispute between the parties. Likewise, there is nothing in the record to suggest that the property at issue was unprotected by the copyright laws. The Summons served upon Defendant warned her that failing to respond to the Complaint would result in judgment by default [Doc. No. 3]. Given Defendant's refusal to appear or otherwise defend this action, the Court finds lesser sanctions would be ineffective.

Because Defendant has failed to respond to or defend this action in any way, the Court finds default judgment is appropriate under the circumstances.

## II

As noted above, Plaintiff requests relief in the form of (1) an injunction ordering Defendant to discontinue infringement of Plaintiff's copyrights and (2)

statutory damages totaling $120,000. A district court is permitted to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Although it is permissible to issue a permanent injunction to prevent copyright infringement, the Court must still consider the four factors governing issuance of a permanent injunction: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest. *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009).

As to the first factor, Defendant's default prevents the Court from reaching the merits of Plaintiff's claims through an adversarial fact-finding process. However, as discussed above, Plaintiff has presented evidence demonstrating Defendant's willful infringement of its copyright in this matter and the Court accepts those allegations as true.

Regarding the second factor, in the context of copyright law, a plaintiff who establishes a prima facie case of copyright infringement is entitled to a presumption of irreparable harm. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1254 (3d Cir. 1983) ("the prevailing view [is] that a showing of a prima facie case of copyright infringement or reasonable likelihood

8

of success on the merits raises a presumption of irreparable harm."); *In re Independent Service Organizations Antitrust Litig.*, 910 F.Supp. 1537, 1544 (D. Kan. 1995) ("[T]he majority of circuits have held that irreparable harm may be presumed upon a prima facie showing of copyright infringement.") (collecting cases). Here, Plaintiff has established such a prima facie case, and the Court presumes that its harm is irreparable.

As to the third factor, the entry of a permanent injunction will not prejudice Defendant since she has willfully infringed Plaintiff's works. Finally, as to the fourth factor, the Court concludes that "an injunction which enforces federal copyright laws, and protects the rights and responsibilities defined by them, is by definition in the public interest." *Broadcast Music, Inc. v. George Moore Enter., Inc.*, 184 F. Supp. 3d 166, 171 (W.D. Pa. 2016) (citation omitted); *see also Adobe Systems Inc. v. Feather*, 895 F. Supp. 2d 297, 304 (D. Conn. 2012) ("[T]he public interest is served by an injunction that protects copyrights and helps enforce federal law."); *Positive Software Solutions, Inc. v. New Century Mortg. Grp.*, 259 F. Supp. 2d 531, 537 (N.D. Tex. 2003) ("[T]he public interest does not appear implicated here, other than the public interest inherent in enforcing the copyright laws.").

Given Defendant's willful disregard for Plaintiff's property rights, the Court believes Defendant will likely infringe upon those rights again in the future. The

9

Court, therefore, concludes that a permanent injunction is appropriate in this instance.[3]

Lastly, under the Copyright Act, 17 U.S.C. § 504(c)(1), the owner of a copyright may elect to recover statutory damages instead of actual damages and profits. A copyright owner who elects to recover an award of statutory damages, instead of actual damages and profits, may recover between $750 and $30,000 for each infringement "as the court considers just." *Id*. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id*. § 504(c)(2). In this case, Plaintiff has elected to recover statutory damages in excess of the statutory minimum for Defendant's willful infringement of the publications; Plaintiff seeks $30,000 in statutory damages for each of the four pre-registered copyrighted publications that have been infringed, for a total of $120,000. Mot. at 11. According to Plaintiff, this amount is reasonable in light of Defendant's continuing infringement and disregard of Plaintiff's rights and demands to cease infringing its copyrighted work. *Id*. at 11-12; *see also* Compl. ¶ 40 ("Plaintiff has previously demanded the Defendant to cease and desist infringement of the

---

[3] The injunction sought in Plaintiff's motion differs from the requested injunctive language within the Complaint. The Court's injunction will substantially comply with the relief sought in the Complaint.

copyrighted works specified above and Defendant has continued to willfully infringe same.") [Doc. No. 1]. Accordingly, the Court must consider whether the facts contained in the Complaint, as well as the evidence submitted by Plaintiff in its filings, provide the Court with a sufficient basis to determine whether the requested statutory damages are just. *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544-45 (E.D. Pa. 2008).

The Court is accorded broad discretion in determining the amount of statutory damages to award in a copyright infringement case. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-32 (1952); *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1130 (D. Colo. 2008) ("The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quoting *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). In assessing an appropriate amount of damages, the Court "should formulate a damage award that will achieve the deterrent purposes served by the statutory damages provision." *Id*. To put it more bluntly, "infringers should not be free to 'sneer' in the face of the Copyright Act; courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Id*. (quoting *International Korwin Corp. v. Kowalczyk*, 665 F.Supp. 652, 659 (N.D. Ill. 1987)).

As the Court has previously noted, courts may consider factors such as "the blameworthiness of the infringer, such as whether the infringement continued after the receipt of notice and whether the infringer had engaged in other infringing conduct; the infringer's profit or gain, or lack thereof; the copyright owner's damage or loss, or lack thereof; and various other factors, such as the value of the copyright or the size of the infringer's operation or business." *New Atlas Dot Com, Inc. v. Pizza Inn I-40 West, Inc.*, No. CIV-11-149-D, 2013 WL 425038, at *3 (W.D. Okla. Feb. 4, 2013) (citation omitted).

The Court finds Plaintiff is entitled to statutory damages. "Statutory damages are an example of damages that may be awarded without a hearing for a default judgment." *Orgami Owl, LLC v. Mayo*, No. CV-15-110, 2016 WL 1408302, at *3 (D. Ariz. Apr. 11, 2016) (citations omitted). Although Plaintiff seeks the maximum allowable amount under § 504(c)(1), it has elected not to pursue the higher amount of damages reserved for cases of willful infringement. Plaintiff alleges Defendant's infringement was indeed willful and continuous, and those allegations have been admitted by default. Nevertheless, based upon the evidence in the record, the Court finds that Plaintiff's requested award of statutory damages of $30,000 for each of the four separate copyrighted works, for a total of $120,000, is excessive in light of the purpose of statutory damages and the lack of record evidence which would reasonably allow the Court to conclude that

maximum allowable damages are called for here. The Court believes an award of statutory damages in the amount of $20,000 for each copyrighted work, for a total of $80,000, serves the dual purposes of punishing the infringer and deterring future infringement, as well as supporting the rights of Plaintiff in its copyrighted material and encouraging continued enforcement.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 10] is **GRANTED** as set forth herein. A separate Default Judgment shall be issued accordingly.

**IT IS SO ORDERED** this **10th** day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE