# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRIST CENTER OF DIVINE PHILOSOPHY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-65-D |
| ELLEN VERONICA ELAM, | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs [Doc. No. 24]. Defendant has not responded to the Motion. Although Defendant's failure to respond renders Plaintiff's Motion confessed,[1] attorney's fees in copyright cases are discretionary and the Court has an independent obligation to determine Plaintiff's entitlement to, and the amount of, any award. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs ... [and] award a reasonable attorney's fee to the prevailing party as part of costs."); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("The automatic awarding of attorney's fees to the prevailing party [under § 505] would pretermit the exercise of that discretion."); *Kirtsaeng v. John Wiley & Sons, Inc.*, __

---

[1] *See* LCvR 7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

U.S. __, 136 S.Ct. 1979, 1985, 195 L.Ed.2d 368 (2016) ("[A] district court may not 'award attorney's fees [under § 505] as a matter of course'; rather, a court must make a more particularized, case-by-case assessment.") (quoting *Fogerty*, 510 U.S. at 533).

## BACKGROUND

On January 28, 2016, Plaintiff filed the present action alleging it held, by assignment, valid copyrights in thirty-one separate publications created by Audle Allison, and Defendant willfully infringed such work by publishing and selling three books containing copyrighted material found in four of the works. Defendant was personally served with the Summons and Complaint on August 25, 2016. Defendant did not answer or respond to the Complaint. On October 7, 2016, the Court Clerk entered default against Defendant for failing to plead or otherwise defend the present action, and on February 10, 2017, the Court entered default judgment. *See* Order, Feb. 10, 2017 ("Order") [Doc. No. 13]. The Court awarded statutory damages totaling $80,000 and entered an injunction, which, generally, enjoined Defendant from further infringing upon Plaintiff's copyrighted works.[2] *See id.*; Default Judgment [Doc. No. 14].

---

[2] Plaintiff has moved for an order modifying the injunction [Doc. No. 25], alleging that Defendant has continued to infringe upon its copyrighted works. Plaintiff also requests that the Court hold Defendant in contempt for her alleged actions [Doc. No. 27].

## DISCUSSION

As noted above, the prevailing party in a copyright infringement case may recover costs and attorney's fees. *Fogerty*, 510 U.S. at 534; *Wood v. Cendant Corp.*, 504 F. Supp. 2d 1174, 1176 (N.D. Okla. 2007).[3] "There is no precise rule or formula for determining whether fees should be awarded, but the Supreme Court and Tenth Circuit have suggested consideration of the following nonexclusive factors: (1) frivolousness of [the] losing party's case; (2) improper or bad faith motivation of the losing party; (3) objective unreasonableness of [the] losing party's case (factual and legal components); and (4) the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (citing *Fogerty*, 510 U.S. at 535 n. 19; *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005)). "An award of attorney fees serves to 'penalize the losing party, to deter continuing infringement, to make the prevailing party whole, and to encourage the proper prosecution of copyright infringements.'" *Broadcast Music, Inc. v. Cleatz Bar and Grill, LLC*, No. 12-cv-321, 2013 WL 753468, at *1 (D. Colo. Feb. 27, 2013) (citation omitted).

---

[3] "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action[;] no other precondition need be met, although the fee awarded must be reasonable." *Girlsongs v. 690 Indus., Inc.*, 625 F. Supp. 2d 1127, 1130-31 (D. Colo. 2008) (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989)).

# I

The Court finds Plaintiff is entitled to an award of attorney's fees. By failing to answer or otherwise defend this case, Defendant admitted the Complaint's well-pleaded facts and forfeited her ability to contest those facts. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished). In granting Plaintiff's Motion, the Court found the uncontested facts constituted a legitimate cause of action for copyright infringement. Order at 5-6. The Court further found:

> [I]t is evident from the limited record before the Court that entry of default judgment against Defendant is appropriate. First, the evidence suggests that Plaintiff has suffered quantifiable harm, and that it will continue to do so absent the entry of default judgment. Plaintiff would also be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery absent the entry of a default judgment. There is nothing in the record to suggest that Defendant has a triable defense as to liability; specifically, there is no evidence of a legitimate contractual dispute between the parties. Likewise, there is nothing in the record to suggest that the property at issue was unprotected by the copyright laws. The Summons served upon Defendant warned her that failing to respond to the Complaint would result in judgment by default. Given Defendant's refusal to appear or otherwise defend this action, the Court finds lesser sanctions would be ineffective.

Order at 7. Thus, based on the Court's findings in the record, Defendant deliberately and knowingly infringed upon Plaintiff's copyrights; subsequent to such infringement, Defendant forced Plaintiff to retain lawyers and to resort to the courts to enforce its proprietary interests in the copyrights. Defendant has come forward

with no justification for her actions, and has no colorable grounds for a defense. Accordingly, applying the foregoing factors governing attorney's fee awards, the Court finds an award of fees is appropriate. *See Girlsongs*, 625 F. Supp. 2d at 1132 (citing *Milene Music, Inc. v. Gotauco*, 551 F.Supp. 1288, 1298 (D.R.I. 1982)).

## II

In determining reasonable attorney's fees, the starting point for determining the amount of a reasonable fee is the "lodestar" figure – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). If a party is seeking compensation for services of a non-lawyer, such as a legal assistant, the Court must scrutinize the reported hours and suggested rates in the same manner. *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998). The party seeking an award of fees has the burden of proving both the number of hours spent and reasonableness of the hourly rates. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once this burden is met, a claimant is entitled to the presumption this lodestar amount reflects a "reasonable" fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

Once the Court determines the lodestar, it must then determine whether any upward or downward adjustments should be made to the lodestar "to account for the

particularities of the suit and its outcome." *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (citation omitted). In assessing whether adjustments should be made, courts often consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714, 717-19 (5th Cir. 1974). The Tenth Circuit has approved these factors for determining reasonableness. *Brown v. Phillips Petro. Co.*, 838 F.2d 451 (10th Cir. 1988). It is rare that all factors are met. *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993). Although these factors may be considered, the court does not need to consider "the factors [ ] subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n. 9. The lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors. *Anchondo*, 616 F.3d at 1103 (citing *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010)).

Plaintiff seeks $35,351.75 in attorney's fees and costs in the amount of $911.91, for a total of $36,263.66. In support, Plaintiff submits time records showing its attorneys and legal assistants spent 147 hours working on this matter. Mr. Martin

G. Ozinga was the primary attorney in the matter, and he submitted records showing 47.25 hours spent litigating the present case. Ms. Jennifer Miller and Mr. Cody Cooper, the other attorneys in this matter, submitted records showing they spent 86.40 hours and 2.10 hours, respectively. Ms. Lisa McAlister, the firm's paralegal, spent 8.50 hours working on the case.

Upon review, counsel's time records describe with particularity the tasks performed and time spent on them. The Court has examined the fee statement for duplication of services, excessive time billing for particular tasks, use of too many attorneys, unnecessary performance of clerical tasks by lawyers, other work deemed unnecessary or irrelevant, and finds minimal reduction is required. Specifically, the Court finds that hours spent on obtaining affidavits from Larry Wilhelm and John Singleton, and court proceedings regarding Plaintiff's process server, were not central to the issues in this case. Accordingly, in this regard, the Court will reduce Ozinga's hours by 1.25 and Miller's hours by 2.7. Second, the Court finds that certain items performed by counsel were clerical in nature (finalizing and filing pleadings, and communications with the process server) and should be deducted. Accordingly, in this regard, the Court will reduce Ozinga's hours by .25 hours and Miller's hours by 8.3. Lastly, the Court finds work in preparing Plaintiff's Motion for Default Judgment was duplicative in some respects. Accordingly, the Court reduces Miller's hours by 1.1.

Next, the Court finds that the hourly rates in this matter are reasonable. In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skill of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits, calculated as of the time the court awards fees." *Sussman v. Patterson*, 108 F.3d 1206, 1211 (10th Cir. 1997) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)). A reasonable hourly rate comports with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The focus of the inquiry is on the rates of lawyers of comparable skill and experience. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). The Court may consider counsel's customary rate, but it is not conclusive evidence. *Id.* at 1203. The court may also consider the quality of representation. *Ramos*, 713 F.2d at 555. If the court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, "use other relevant factors, including its own knowledge, to establish the rate." *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (citing *Case*, 157 F.3d at 1257).

For Mr. Ozinga, Plaintiff requests an hourly rate of $275. For Ms. Miller, Plaintiff requests an hourly rate of $240 for 2016 and $250 for 2017. For Mr. Cooper, Plaintiff requests an hourly rate of $200 for 2016 and $210 for 2017. Plaintiff also

8

requests an hourly rate of $100 for Ms. McAlister. Mr. Ozinga and Ms. Miller have submitted affidavits outlining their experience and skill and their customary rates for services. Upon review, the Court finds Plaintiff has presented substantial evidence that the requested rates are in line with the prevailing market rates for lawyers of comparable skill and experience practicing in the Oklahoma City area (i.e., Western District of Oklahoma).

Accordingly, the Court calculates the lodestar as follows:

| | |
|---|---|
| Requested Amount | $35,351.75 |
| <u>Deductions</u> | |
| Irrelevant Work | ($1,568.75) |
| Clerical Work | ($2,826.75) |
| Duplicative Work | ($480.00) |
| **Total** | **<u>$30,476.25</u>** |

As explained below, the Court finds no adjustment to the lodestar is warranted because the factors either are subsumed by the lodestar calculation or are neutral:

1.  *Time and Labor Required*

This issue was adequately addressed through the lodestar calculation.

2.  *Novelty and Difficulty of Questions Presented*

The Court finds this was a straightforward case of copyright infringement and the skill level and experience necessary to take on this matter is properly accounted for in the hourly rates requested. This factor is neutral.

### 3. Skills Requisite to Perform the Legal Service Properly

Plaintiff's counsel submitted thorough and extensive briefing addressing the factual and legal issues involved in this case. The approved hourly rate in the lodestar analysis reflects the expertise of counsel. Thus, this factor is neutral.

### 4. Preclusion of Other Employment

Under the circumstances of this case, this factor is not applicable.

### 5. Customary Fee

This issue was adequately addressed through the lodestar calculation.

### 6. Whether the Fee is Fixed or Contingent

This issue was adequately addressed through the lodestar calculation.

### 7. Time Limitations Imposed

Under the circumstances of this case, this factor is not applicable.

### 8. Amount Involved and Results Obtained

This issue was adequately addressed through the lodestar calculation.

### 9. Experience, Reputation, and Ability of the Attorneys

As discussed, the skill and experience of Plaintiff's counsel is reflected in the reasonable hourly rates in the Court's lodestar analysis. This factor is neutral.

### 10. Undesirability of the Case

Under the circumstances of this case, this factor is not applicable.

### 11. *Nature and Length of Professional Relationship with the Client*

Plaintiff's counsel present no evidence of a pre-existing attorney-client relationship with Plaintiff. The meaning of this factor, however, and its effect on the calculation of a reasonable attorney's fee is unclear, and "the courts applying this factor typically state that this particular standard is irrelevant or immaterial." *Fox v. Pittsburg State Univ.*, No. 14-CV-2606-JAR, 2017 WL 2735475, at *18 (D. Kan. June 26, 2017) (citation omitted). This factor is thus neutral.

### 12. *Awards in Similar Cases*

Under the circumstances of this case, this factor is not applicable.

### III

Plaintiff requests $911.91 in "taxable" and "nontaxable" costs. Although Plaintiff's Motion fails to address the issue, the distinction is important. The assessment of taxable costs is controlled by Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.[4] Rule 54(d)(1) provides that "costs other than attorney's fees should be allowed to the prevailing party," while § 1920 supplies the proper definition of "costs" in the rule and restricts the district court's ability to assess costs beyond those listed in the statute. *Taniguchi v. Kan Pacific Saipan, Ltd.*,

---

[4] Pursuant to 28 U.S.C. § 1920, the Clerk may tax the following costs: fees of the clerk, fees for service of summons and subpoena, fees for printed or electronic transcripts for use in the case, fees and disbursement for printing, fees for witnesses, fees for copies, docket fees, costs as shown on the mandate of the Court of Appeals, and compensation of court-appointed experts.

566 U.S. 560, 132 S.Ct. 1997, 2001-02, 182 L.Ed.2d 903 (2012); *Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1328 (E.D. Okla. 2007) ("Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920.").

The Court's local rules provide that the party seeking to recover costs under § 1920 must file a bill of costs within fourteen days after entry of judgment. *See* LCvR 54.1; *see also* Fed. R. Civ. P. 54(d). Nontaxable costs, however, generally do not require a separate bill of costs. *See, e.g., Marshall v. Anderson Excavating and Wrecking Co.*, No. 14-CV-96, 2017 WL 1054039, at *4 (D. Neb. Mar. 20, 2017); *Na Pali Haweo Community Ass'n v. Grande*, Civ. No. 04-413, 2008 WL 2788170, at *1 (D. Hawai'i July 18, 2008).

Plaintiff did not file a bill of costs within fourteen days after the Court's judgment became final. Instead, Plaintiff included a separate request in its Motion. *See* Mot. at Ex. 1. The requested costs fall into four categories: (1) filing fees, (2) copies, (3) postage, and (4) online research. Of those categories, filing fees and copies clearly are taxable costs. However, "[b]ecause [Plaintiff] failed to abide by the Court's local rules for taxation of costs, the Court will not award those costs." *Marshall*, 2017 WL 1054039, at *4 (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006). Of the remaining items, the Court finds Plaintiff is not entitled to recover costs for postage, as it is an overhead expense. The Court also

disallows costs for online research, as the Court is unable to ascertain the nature of the research. *Case v. Unified School Dist.*, 157 F.3d 1243, 1258 (10th Cir. 1998) (affirming denial of expenses for electronic research, holding "[t]rial courts are justified in denying compensation where the affidavits and time records in the fee submissions fail to differentiate adequately between the costs attributable to billable and non-billable items.") (citation omitted). Lastly, the Court disallows costs incurred for "duplication of medical records from HealthMark Group" as that item appears to be unrelated to the present litigation. Accordingly, Plaintiff's request for reimbursement of taxable and nontaxable costs is denied.

## CONCLUSION

As set forth herein, Plaintiffs' Motion for Attorneys' Fees and Costs [Doc. No. 24] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded attorney's fees in the amount of $30,476.25. Plaintiff's request for reimbursement of costs is denied.

**IT IS SO ORDERED** this **21st** day of August 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE