# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRIST CENTER OF DIVINE PHILOSOPHY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-65-D |
| ELLEN VERONICA ELAM, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Reconsideration on Changes in Injunctive Order [Doc. No. 34]. Because Defendant is pro se, the Court liberally construes her filings, but will not act as her advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Plaintiff has submitted its response in opposition [Doc. No. 35]. The matter is fully briefed and at issue.

On January 28, 2016, Plaintiff commenced this action, alleging Defendant infringed several copyrighted works owned by Plaintiff. On February 10, 2017, default judgment was entered against Defendant for failing to answer or otherwise respond to the suit, and the Court awarded Plaintiff statutory damages in the amount of $80,000 and injunctive relief [Doc. Nos. 13-14]. On October 18, 2017, the Court granted Plaintiff's Motion to Modify Injunction and enlarged the scope of injunctive relief to include all thirty-one (31) copyrighted materials identified in Plaintiff's

Complaint [Doc. No. 32].On October 24, 2017, Defendant filed the present motion, citing the discovery of "newly discovered evidence," which Defendant contends "uncover[s] a third set of [f]raud that is so easy to prove, it requires one to OPEN the eyes and see it." Mot. at 1 (Emphasis in original).

Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are routinely entertained, in one form or another, by federal courts. Such motions "must do two things: First, [they] must demonstrate some reason why the court should reconsider its prior decision. Second, [they] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988) (citation omitted).

The three main grounds that justify reconsideration are (1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration. *Id*. Stated another way, such motions are "not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (citation omitted). Accordingly, because the

2

conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995) ("[A] motion for reconsideration is an extreme remedy to be granted in rare circumstances....").

The Court finds Defendant's motion should be denied on two grounds. First, Defendant's motion seeks to re-litigate the validity of Plaintiff's copyright registrations, despite the fact that default judgment has been entered and the merits of the case have long been confessed. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) (unpublished) ("The defendant, by [her] default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citation omitted). As stated *supra*, a motion to reconsider is not an opportunity for a party to assert claims that could have been raised in the original briefing.

Second, a motion to reconsider based on newly obtained evidence is appropriate if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 700 (D. Kan. 2000). In this regard, Defendant

3

makes no effort to show that she could not have obtained the evidence presented in the motion through the exercise of due diligence. Defendant does not contend she was either unable to or prohibited from obtaining any of the evidence in question prior to the entry of default judgment. Service of process was obtained on August 25, 2016; Plaintiff's Motion for Default Judgment was filed November 22, 2016; and default judgment was entered February 10, 2017. Only after default judgment was issued did Defendant appear and seek dismissal of the Complaint. *See* Mot. to Vacate and Dismiss Complaints [sic] [Doc. No. 15]. Defendant makes no effort to show why she could not have obtained the documents earlier and presented them to the Court for consideration. Accordingly, the Court finds Defendant did not act with due diligence to obtain the "new evidence" prior to the filing of her motion and her Motion for Reconsideration should be, and is hereby, **DENIED**.

**IT IS SO ORDERED** this 12th day of April 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE