IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRIST CENTER OF DIVINE PHILOSOPHY, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. CIV-16-065-D |
| ELLEN VICTORIA ELAM, | ) ) ) | |
| *Defendants.* | ) | |

**ORDER**

Defendant Ellen Victoria Elam, through counsel, brings before the Court a Motion for Relief from Judgment [Doc. No. 60]. Plaintiff Christ Center of Divine Philosophy, Inc., has filed its Response in opposition [Doc. No. 61], to which Defendant has replied [Doc. No. 62]. Subsequently, and on largely identical grounds to those supporting her Motion for Relief from Judgment, Defendant filed a Motion to Stay Collection Proceedings [Doc. No. 66]. Plaintiff has filed a Response in opposition to the Motion to Stay [Doc. No. 67]. All matters are fully briefed and at issue.

**BACKGROUND**

Plaintiff commenced the present action on January 28, 2016, alleging Defendant infringed several of Plaintiff's copyrighted works. On February 10, 2017, default judgment was entered against Defendant for failing to answer or otherwise respond to the suit, and the Court awarded Plaintiff statutory damages in the amount of $80,000, along with injunctive relief [Doc. Nos. 13–14]. On October 18, 2017, the Court granted

1

Plaintiff's Motion to Modify Injunction and enlarged the scope of injunctive relief to include all thirty-one (31) copyrighted materials identified in Plaintiff's Complaint [Doc. No. 32]. On October 24, 2017, Defendant filed a Motion for Reconsideration [Doc. No. 34], citing newly discovered evidence. The Court denied that motion, finding Defendant made no effort to show that she could not have obtained the evidence presented in the motion through the exercise of due diligence. Order [Doc. No. 45], at 4.

Defendant then appealed the Court's Order to the United States Court of Appeals for the Tenth Circuit [Doc. No. 46]. The Tenth Circuit affirmed the Court's findings, [Doc. No. 58], reiterating that Defendant failed to allege the evidence she presented was newly discovered or that she diligently—yet unsuccessfully—attempted to discover the evidence. *Id*. at 7.

In her present Motion, Defendant argues that: (1) a recent decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 203 L. Ed. 2d 147 (2019), retroactively applies to divest the Court of subject-matter jurisdiction; and, (2) she has newly discovered evidence, which, pursuant to Rule 60, should persuade the Court to set aside the judgment entered against Defendant.

## STANDARD OF DECISION

Rule 60(b) of the Federal Rules of Civil Procedure reads, in part, as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for [certain enumerated] reasons." Rule 60(b)(6) gives the Court power to vacate a judgment in the interest of justice. The power granted by Rule 60(b)(6), however, is not intended to relieve a party

from the consequences of a free, calculated, and deliberate choice. A party remains under a duty to take legal steps to protect his interests. *Stewart Sec. Corp. v. Guar. Tr. Co.*, 71 F.R.D. 32, 34 (W.D. Okla. 1976).

Under Tenth Circuit law, the trial court's discretion to grant a Rule 60(b) motion is circumscribed, as "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). The circuit has cautioned that such relief is appropriate only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996). "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

## DISCUSSION

Defendant argues that the Supreme Court's decision in *Fourth Estate* has the effect of divesting the Court of subject-matter jurisdiction over this case, and therefore, relief from judgment should be granted pursuant to Rule 60(b)(6). Reply at 1. Further, Defendant asserts that she is entitled to relief from judgment because of newly discovered evidence.

The Copyright Act generally requires copyright holders to register their works before suing for copyright infringement. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 154 (2010). Section 411(a) of the Copyright Act sets forth the relevant registration requirements. *Id.* In *Fourth Estate*, the Supreme Court held that a

3

copyright claimant may commence an infringement suit only once the Copyright Office registers a copyright, not when a copyright owner submits the application to the Copyright Office. 139 S. Ct. 881 at 223. Defendant argues that *Fourth Estate* retroactively applies by virtue of the Supreme Court's rule in *Harper v. Virginia Department of Taxation*, dictating that any rule applied by the Supreme Court has retroactive effect "in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule." 509 U.S. 86, 96 (1993).

Defendant, here, moved the Court for relief from judgment during the 90-day window within which she could have filed a petition for *certiorari* with the Supreme Court. Reply [Doc. No. 62], at 3–4. Defendant did not, in fact, file a petition, nor has Defendant taken any subsequent steps to keep this case open on direct review. The opportunity to seek *certiorari* has now passed.

As the Tenth Circuit has made clear: "litigation must end some time . . . [and] that there may have been a judicial change in the court's view of the law after its entry, does not justify setting it aside." *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking,* 909 F.2d at 1440. The Court finds Defendant's circumstances neither exceptional nor extraordinary. Rather, it appears to the Court this Defendant's Motion simply relitigates issues already decided.

Defendant, once again, makes no attempt to show the evidence raised is "newly discovered evidence or [evidence] previously unavailable through due diligence."

4

Opinion, [Doc. No. 58] at 6.  Defendant's arguments concerning materials in the public domain were described by the Tenth Circuit as "effectively [reiterating] the same arguments she made in response to [Plaintiff's] motion to modify the judgment." *Id*. at 7 n.1.  Considering all filings in the record, as well as this case's procedural history, there is nothing more for the Court to add.

The Court takes very seriously any implication that denying relief from judgment would be an improper exercise of power in the absence of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Indeed, subject-matter jurisdiction's constitutional underpinnings are so central to preserving our dual system of federalism, that it is the Court's duty to establish whether such jurisdiction exists, *sua sponte*. *Atlas Life Ins. Co. v. W. I. S. Inc.,* 306 U.S. 563 (1939).

The Court has, and at all times had, the power to hear and decide this case. "[Section] 411(a) does not implicate the subject-matter jurisdiction of federal courts." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 (2010).  And although Copyright registration does not affect the Court's subject-matter jurisdiction, it is worth noting that Plaintiff's Complaint alleged the infringement of registered works.  *See* Complaint [Doc. No. 1], at 3. Defendant's argument that the Court's exercise of jurisdiction was improper is without merit.[1]

---

[1] Defendant's papers also contend she must be served personally.  Motion to Stay [Doc. No. 66], at 3.  Mr. James Hankins made an entry of appearance on Defendant's behalf

## CONCLUSION

For the reasons fully described herein, the Court declines to vacate the judgment entered against Defendant. The resolution of Defendant's Motion for Relief from Judgment [Doc. No. 60] addresses all arguments set forth in Defendant's Motion to Stay Collection Proceedings [Doc. No. 66].

**IT IS THEREFORE ORDERED** that Defendant's Motion for Relief from Judgment [Doc. No. 60] and Defendant's Motion to Stay Collection Proceedings [Doc. No. 66] are **DENIED**.

**IT IS SO ORDERED** this 2nd day of December, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[Doc. No. 47]. "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b). Service, in this case, must be made on the attorney.